UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

TAMER HASSAN, Individually and on          )
behalf of all others similarly situated,         )
                                                              )
              Plaintiff,                                 )
                                                              )          CIVIL ACTION NO.:
v.                                                            )
                                                              )
LENOVO (UNITED STATES) INC.,             )
                                                              )
                              Defendant.          )

## COMPLAINT

Plaintiff Tamer Hassan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, the Law Offices of G. Oliver Koppell and Associates, and Crumley Roberts LLP and complains of Defendant Lenovo (United States) Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE CASE

1.  This action is brought by Plaintiff on behalf of himself and all other purchasers of Defendant's "Phab" series of smartphones throughout the United States. Though the "Phab" series of smartphones is designed as if it contains two speakers on both the left and right, these smartphones in fact only have a single speaker.

2.  Though Defendant is aware that the Phab series of phones only has one speaker Defendant has intentionally designed, manufactured and marketed a product that gives the appearance that the Phab series of phones has two speakers, deceiving all purchasers of the Phab phones.

3.  The Phab series of phones is marketed based on its superior audio and visual

1

technology to be used for multimedia, videos and gaming purposes. Such purposes are greatly enhanced by the presence of two speakers, rendering phones that appear to have two speakers more desirable to purchasers.

4. Plaintiff brings this action for violations of federal and state statutory and common law by Defendant in the fraudulent and deceptive marketing of the Phab series of phones.

5. Plaintiffs and the Class seek restitution, compensatory damages, and punitive damages where appropriate, as well as injunctive relief.

6. In connection with the activities giving rise to this action, Defendant acted with malice, intent, recklessness, knowledge and wanton disregard for the rights of Plaintiffs and the Class.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1332. Upon information and belief, the damages of the Class exceed $5,000,000 in the aggregate.

8. This Court possesses personal jurisdiction over Defendant based on Defendant's residence, presence, transaction of business and contacts within the United States, North Carolina and this District as its North American Headquarters is located in Morrisville, Wake County, North Carolina.

9. Venue is proper within this District under 28 U.S.C. § 1391(a) and (c) because Defendant resides and transacts business in this District and because a substantial part of the events or omissions giving rise to the claims and injuries alleged herein occurred in this District.

## PARTIES

10. Defendant is the United States subsidiary of Lenovo Group Limited, a company

which described itself in its 2016-2017 annual report as "a US$43 billion global Fortune 500 company and a leader in providing innovative consumer, commercial and enterprise technology."

11. On information and belief, Defendant is a Delaware corporation authorized to do business in North Carolina. Defendant is headquartered at 1009 Think Place, Morrisville, Wake County, North Carolina.

12. Plaintiff resides at 275 86th St., Apt. B1, Brooklyn, New York 11209.

13. On or about March 14, 2017 Plaintiff purchased from Defendant's website a Phab 2 smartphone manufactured by Defendant (the "Device").

14. Plaintiff chose to purchase the Device because he saw representations regarding its audio and visual capabilities.

15. Plaintiff paid $149.99 plus tax for the Device.

16. Plaintiff is a longtime customer of Lenovo, having used its products for no less than twelve years.

17. Upon receipt of the Device, Plaintiff became aware that no sound was coming from what appeared to be the right speaker in the Device.

18. Included with the Device sent to Plaintiff and, upon information and belief, with all Phab series of phones, is a Safety, Warranty and Quick Start Guide (the "Guide").

19. Page two of the Guide contains an overview of the Device containing a picture of the Device along with a legend setting forth the components of the device. That picture and legend show that the Device contains two speakers. See Exhibit 1.

20. After determining that the device he purchased did not emit sound from the apparent

right speaker, Plaintiff thereafter contacted Defendant's customer service representatives who told Plaintiff to contact Defendant's technical support. After spending more than an hour on the phone with Defendant's technical support, it was determined that the Device was defective and should be replaced through Defendant's customer service. Plaintiff was told he had to return the Device to the Defendant, and would be issued a new Device with two working speakers. Plaintiff returned the Device to Defendant.

21. Approximately one week later Plaintiff received a replacement Device.

22. Upon receipt of the replacement Device, Plaintiff again became aware that no sound was coming from the alleged right speaker in the replacement Device.

23. Plaintiff thereafter contacted Defendant's customer service representatives who told Plaintiff to contact Defendant's technical support. After spending more than an hour with Defendant's technical support, it was determined that the replacement Device was defective and should be replaced, though this time through Defendant's escalation team. Plaintiff was told that someone from the escalation team would contact him.

24. Plaintiff was thereafter contacted by a Scott Esposito from Defendant's escalation team. Plaintiff was told to return the replacement Device and he would receive a second replacement. Plaintiff returned the replacement Device to Defendant.

25. Upon receipt of the second replacement Device, Plaintiff again became aware that no sound was coming from the alleged right speaker in the Device.

26. Plaintiff thereafter repeatedly contacted both customer service and technical support who informed him he could only seek assistance or redress for this issue from Scott Esposito of the escalation team. Despite many calls and emails to Mr. Esposito, customer service and technical support in April and May of 2017, no assistance or redress was provided to Plaintiff.

27. Ultimately, on or about June 1, 2017, Plaintiff was able to correspond with Denise Mongeon, a Case Manager in Executive Relations, Lenovo Customer Care, North America.

28. Ms. Mongeon referred Plaintiff's complaint's to Defendant's "engineering team."

29. Finally, on or about June 7, 2017 Ms. Mongeon informed Plaintiff that, based on an engineer's report provided to her, the Device does not contain a right side speaker. This statement was made despite the fact that Defendant represents that the Phab series smartphones have two speakers.

## ALLEGATIONS COMMON TO ALL CLAIMS

30. Despite the fact that the Phab series of phones only contain one speaker, Defendant designed, manufactured and marketed a product that gives the appearance that the Phab series of phones has two speakers, deceiving all purchasers of the Phab phones.

31. Defendants market the Phab series of phones as having superior audio and video quality for purposes of gaming, videos and other augmented reality entertainment.

32. For example, on its website introducing the Phab series of phones, Defendant describes the Phab series of phones as having:

> With premium displays alongside Dolby Atmos™ technology for a true cinematic experience, and professional-grade, fast-focusing cameras that can capture life in up to 16 MP.[1]

33. In explaining the difference between the Phab 2 and Phab 2 Pro phones, Defendant writes of the Phab 2:

> With a huge 6.4" HD screen and amazing Dolby® sound, a realm of augmented-reality entertainment awaits you.[2]

34. With respect to the Phab 2 Pro, Defendant writes:

[1] http://www3.lenovo.com/us/en/smart-devices/-lenovo-smartphones/phab-series/c/phab-series
[2] Id.

5

New: The world's first smartphone with Tango™ technology opens the door to an amazing array of next generation games, conveniences, & more.

35. Defendants marketing emphasis on the audio and visual capabilities of the Phab series of phones continues onto the product specific pages.

36. In describing the Phab 2 phone on its website, Defendant describes at great lengths the superior audio and visual capabilities of the Phab series of phones, writing:

> AUGMENTED ENTERTAINMENT WITH DOLBY® TECHNOLOGY
> With the Lenovo Phab 2, every commute is like a trip to the cinema. Experience true immersive multimedia with the stunning 6.4" HD screen and incredible Dolby Atmos® audio. Record amazing 360-degree multichannel sound with Dolby 5.1 Audio™ Capture. Or simply enhance any video or photo with the 13 MP fast-focus camera.[3]

37. In then addressing the quality of sound quality directly on the same page, Defendant writes:

> Cinematic Dolby Atmos®
> Be blown away with Dolby Atmos®. The surround sound puts you at the heart of the action every time you watch your favorite movies or play the hottest games on your Phab 2.[4]

38. Of the seventeen pictures in a "Photos" section of Defendant's website addressing the Phab 2, three of the pictures clearly depict the Phab series of phones as having two grills, implying the presence of two speakers in the phones.[5] Exhibit 2.

39. Defendant's website also contains a video of the Phab 2 phones that describe its superior audio and visual capabilities and showcase the two grills at the bottom of the phone.[6]

40. The Guide that comes with the Phab 2 phones contains an overview of the Device

---

[3] http://www3.lenovo.com/us/en/smart-devices/-lenovo-smartphones/phab-series/Lenovo-PB2-650Y/p/ZZITZTPPB2Y?gclid=EAIaIQobChMI657C2OHF1QIVm4izCh2SigDnEAAYASAAEgJf0fD_BwE&cid=us:sem|se|google|All_Products|NX_Lenovo_All_Products_DSA&ef_id=WTcPQAAAAsk7Ui9h:20170807183510:s
.
[4] Id.
[5] Id.
[6] Id.

containing a picture of the Device along with a legend of components of the device. That picture and legend show that the Device contains two speakers. Exhibit 1. This representation is false.

41. In describing the Phab 2 Pro phone on its website, Defendant writes:

> Dolby Audio™ Capture 5.1 & Dolby Atmos® for Amazing Audio
> Our newest generation of Phab devices are the world's first smartphones with Dolby Audio™ Capture 5.1, which lets you record amazing life-like audio. Three built-in microphones capture nuanced sound for your recordings, plus, 360-degree noise cancellation ensures maximum clarity. And Dolby Atmos® sound technology puts you in the center of the action every time you watch your favorite movies or play the hottest games on your Phab 2 Pro.[7]

42. Of the twenty-one pictures in a "Photos" section of Defendant's website addressing the Phab 2 Pro, two of the pictures clearly depict the Phab series of phones as having two grills, implying the presence of two speakers in the phones. [8] Exhibit 3.

43. Defendant's website also contains a video of the Phab 2 Pro phone that describe its superior audio and visual capabilities and showcase the two grills at the bottom of the phone.[9]

44. Upon information and belief, the Guide that comes with the Phab 2 Pro phones contains an overview of the Device containing a picture of the Device along with a legend of components of the device. That picture and legend show that the Device contains two speakers.

45. While Defendant no longer includes the marketing information for other versions of Phab phones on its website, upon information and belief they contain similar representations regarding the Phab series of phones and depictions of the Phab series of phones.

46. Defendant has been aware that consumers have been led to believe that the Phab series of phones have two speakers for quite some time.

47. On its website in a section soliciting questions about the Phab 2, the question was

---

[7] http://www3.lenovo.com/us/en/smart-devices/-lenovo-smartphones/phab-series/Lenovo-Phab-2-Pro/p/WMD00000220
[8] Id.
[9] Id.

7

asked approximately seven months ago by user "Sumitm":

> Sumitm · 7 months ago
> In this Lenovo PHAB 2 there are two speakers or one because in manual it shows two speakers.[10]

48. There were multiple responses on Defendant's website from between two and seven months ago. Some of these responses claimed that the Phab 2 had two speakers, while others said it had one.[11]

49. One individual who responded approximately five months prior to the drafting of this Complaint even stated he was assured that there were two speakers by Defendant on multiple occasions, writing:

> There are two speaker grills on the bottom. Whether there are two speakers I don't know. I assumed there were. I just got off the phone with Lenovo and I'm sending it back since there is really no sound that comes out of the left speaker no matter what source (audio or video) or app I use (I've used VLC, PowerAMP, YouTube, TuneInRadio). Both Tech Support (in chat and on the phone) and Post Sales (on the phone) seem to indicate that 'both should work'. Not one person ever said or implied there was just one actual speaker. When you cover up the right speaker with your thumb, the only sound you really hear is the sound bleeding through. They are sending me a replacement in a few days and return shipping label for this "defective" one. Gonna be interesting to see whether this is just the way it is and if this left speaker grill is just for looks. The sound coming out of the right speaker is good though.[12]

50. This poster further supplemented his prior responses as follows:

> I wanted to be sure to update my previous post about this. The first Phab 2 I received, only the right speaker worked. Three separate individuals through Lenovo support lines indicated that both speakers should work. They provided me a shipping label to ship the phone back and sent me another new Phab 2. It's the same with this one. I have a hard time believing that I would just so happen to get two phones where only one of the two speakers work. So my conclusion is that while there are in fact TWO speaker grilles, there is only one speaker - the right one. The left one doesn't work for audio/video OR talking on the phone. There is simply no sound that comes out of it - or it is so faint to not

---

[10] http://www3.lenovo.com/us/en/smart-devices/-lenovo-smartphones/phab-series/Lenovo-PB2-650Y/p/ZZITZTPPB2Y
[11] Id.
[12] Id.

be noticeable. The left speaker grille is apparently only there for cosmetic/aesthetic reasons ... I guess <shrugs>. Does the one speaker sound good? Yes.[13]

51. There is also a response to a question dated approximately six months prior to the drafting of this Complaint from a poster who identifies as "Lenovo," ostensibly an employee of the Defendant. That response reads: "This product has 2 speakers."[14]

52. The statement that the product has two speakers is false.

53. Defendant further maintains an online forum for comments or questions regarding its product where this issue has also been raised.

54. On December 23, 2016 at 11:52pm, user Amitk78 posted the following question:

I bought this phone 2 week back.
Issue 1: one makes cranking noise suddenly, with no app running. Observed this for 4 times & have to reboot.
Issue 2: I realised left speaker not working.
Any help, inputs / solution / suggestions is much appreciated.
Thank you.[15]

55. That post also reflects that five other people "had this question also."[16]

56. In response to this question, a Senior MotoAgent named Joy wrote back on December 27, 2016 at 10:35am stating:

Hi Amit,
Check if there's something covering the speaker. Is it the same in safe mode? If yes, reset is our last troubleshooting. If reset won't work, repair is needed.
Regards,
Joy

Moto - Lenovo Agent[17]

57. Upon information and belief, Joy is an employee and/or agent of Defendant.

58. The implicit representation in Joy's response that there should be two working

---

[13] Id.
[14] Id.
[15] https://forums.lenovo.com/t5/Lenovo-Android-based-Tablets-and/One-speaker-not-working-LENOVO-PHAB-2-PLUS/m-p/3519131
[16] Id.
[17] Id.

9

speakers in the Phab series of phones is false.

59. Subsequently, two other individuals posted their belief that one of the grills is not really for a speaker, despite the representation, and that Defendant should inform customers of this fact.[18]

60. In response to these comments, Senior MotoAgent Joy again posted on February 21, 2017 at 11:22am, writing:

> Hi gavel, yes the left side is microphone and the right one is speaker.
> Hi miguelpz, thanks! I'll share it with the team.
> Regards,
> Joy
> Moto - Lenovo Agent

61. In such statement, Defendant has confirmed that the Phab series of phones does, in fact, have only one speaker.

62. Despite its knowledge that the public believes the Phab series of phones to have two speakers, Defendant has not taken steps to inform customers that the Phab series of phones in fact has only one speaker. Indeed, the materials currently disseminated by Defendant concerning the Phab series of phones continue to represent and depict that the phones have two speakers.

## CLASS ACTION ALLEGATIONS

63. Plaintiff seeks to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, subsections 23(a) and 23(b)(2) and/or (b)(3) on behalf of himself and the following Classes:

    a.   All individuals who purchased, within the applicable statutes of limitations, one or more of the Phab series of phones manufactured and/or sold by Defendant (the "Nationwide Class").

    b.   All New York individuals who purchased, within the applicable statutes of limitations, one or more of the Phab series of phones manufactured and/or

---

[18] Id.

sold by Defendant (the "New York Class") (the "Nationwide Class" and the "New York Class" shall collectively be referred to as the "Classes").

64. The Classes satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the Federal Rules of Civil Procedure.

65. The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. While the exact number of the members of the Classes can be determined only by appropriate discovery, Plaintiff believes that members of both the Classes number in the thousands.

66. Defendant's misconduct has affected all members of the Classes in a similar manner.

67. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all of the members of the Classes were injured and continue to be injured in the same manner by Defendant's unlawful and inequitable acts and practices, as well as Defendant's wrongful conduct.

68. Plaintiff has no interests that are adverse or antagonistic to those of the Classes. Plaintiff's interest is to obtain relief for himself and the Classes for the harm arising out of the violations of law set forth herein.

69. Plaintiff will fairly and adequately protect the interests of the members of the Classes, and has retained counsel competent and experienced in complex class action litigation.

70. The class action is superior to all other available methods for fair and efficient adjudication of this controversy. Since the damages suffered by the members of the Classes are likely to be relatively small, the expense and burden of individual litigation make it virtually impossible for Plaintiffs and members of the Classes to individually seek redress for the wrongful conduct alleged.

71. Common questions of law and fact exist as to all members of the Classes and

11

predominate over any questions affecting solely individual members of the Classes. Among the questions of law and fact common to the proposed classes are:

a. Do the Phab series of phones have one or two speakers?

b. Do the depictions of the Phab series of phones lead a reasonable consumer to believe that it has two speakers?

c. Do the statements regarding the Phab series of phones lead a reasonable consumer to believe that it has two speakers?

d. Did Defendant intend to mislead consumers that the Phab series of phones had two speakers?

e. Did Defendant warrant and represent that the Phab series of phones had two speakers?

f. Is the depiction and promotion of the Phab series of phones deceptive or fraudulent?

g. Is the manner in which the Phab series of phones is marketed and sold false advertising?

h. Would a reasonable consumer expect the Phab series of phones to provide two speakers?

i. Were Defendant's misrepresentations and omissions regarding the safety and reliability of its Phab series of phones as set forth in this Complaint material?

j. Were Defendant's misrepresentations and omissions regarding the safety and reliability of its Phab series of phones as set forth in this Complaint likely to deceive a reasonable consumer?

k. Did Defendant make the false and deceptive representations and misrepresentations about the Phab series of phones with knowledge of their falsity or with reckless and wanton disregard for the truth?

l. Is the Phab series of phones a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1)?

m. Are Plaintiff and other members of the Classes "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3)?

n. Is Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5)?

12

o.	Did Defendant represent in writing and through depictions that the Phab series of phones had two speakers?

p.	Is the statement that the Phab series of phones has two speakers a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A)?

q.	As alleged herein, has Defendant breached the written warranty by selling consumers a product in a manner that misleads them to believe that the Phab series of phones has two speakers?

r.	Have Plaintiff and the other members of the Classes suffered injury and are they entitled to damages?

s.	Are Plaintiff and the Classes entitled to injunctive relief enjoining Defendant's false and deceptive conduct in marketing and selling the Phab series of phones?

72. The Classes are readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

73. Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making final injunctive relief and/or corresponding declaratory relief with respect to precluding Defendants from unlawfully marketing and selling the Phab series of phones appropriate.

74. The proposed members of the Classes have no adequate remedy at law for Defendant's ongoing violations.   Any final injunctive relief would benefit the Classes as Defendant would be prevented from continuing their misleading and deceptive marketing and sales practices with respect to the Phab series of phones.

**FIRST CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

75. Plaintiff repeats, realleges, and incorporates by reference the substantive allegations

13

contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

76. Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

77. As a result of their wrongful and fraudulent acts, misrepresentations, concealments and omissions pertaining to the design, manufacturing and marketing of the Phab series of phones, Defendant charged a higher price for its phones than the phones' true value.

78. Defendant was also able to sell the Phab series of phones to customers that they would have otherwise been unable to sell.

79. Defendant enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and other members of the Nationwide Class who paid a premium price that did not reflect the true value of the Phab series of phones.

80. It would be inequitable, unjust and unconscionable for Defendant to retain those wrongfully obtained funds.

81. As a result of Defendant's recurring deceptive practices and false and fraudulent representations, Plaintiff and the Nationwide Class are entitled to monetary, compensatory and punitive damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of the Consumer Fraud and Deceptive Trade Practices Acts of the Various States and District of Columbia
### (On Behalf of the Nationwide Class)

82. Plaintiff repeats, realleges, and incorporates by reference the substantive allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

83. Plaintiff brings this claim individually and on behalf of class members of the Nationwide Class.

84. By giving the appearance and making statements indicating that the Phab series of

14

phones had two speakers, Defendant deceived Plaintiff and the Classes he seeks to represent.

85. Defendant intended, and still intends, that Plaintiff and the members of the Classes rely upon Defendant's misrepresentations and omissions concerning the presence of two speakers in the Phab series of phones.

86. Defendant's misrepresentations and omissions possessed the tendency or capacity to mislead and create the likelihood of deception.

87. Plaintiff and the Classes had a reasonable right to rely on the veracity of Defendant's representations and statements and did so in buying Defendant's Phab series of phones.

88. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the everyday purchase of Defendant's Phab series of phones by Plaintiff and the members of the Classes.

89. Acting as reasonable consumers, had Plaintiff and the Classes known that the Phab series of phones did not have two speakers, they would not have purchased them or paid as much for the phones.

90. By Defendant's deceptive actions, Plaintiff and the Classes were harmed.

91. Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 42 other states and the District of Columbia for violations of the respective statutory Deceptive Practices Acts and consumer protection laws, as follows:

    a.      Alaska: Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, et seq.

    b.      Arizona: Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1521, et seq.

    c.      Arkansas: Defendant's practices were and are in violation of Arkansas's Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq.

15

d.   California: Defendant's practices were and are in violation of California's Consumer Legal Remedies Act, Cal. Civil Code § 1750, et seq., and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

e.   Colorado: Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. § 61-1-101, et seq.

f.   Connecticut: Defendant's practices were and are in violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq.

g.   Delaware: Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, et seq. and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, et seq.

h.   District of Columbia:  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, et seq.

i.   Florida: Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, et seq.

j.   Hawaii: Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, et seq. and Haw. Rev. Stat. § 480-2.

k.   Idaho: Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, et seq.

l.   Illinois: Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, et seq. and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, et seq.

m.   Indiana: Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, et seq.

n.   Kansas: Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kan. Stat. Ann. § 50-623, et seq.

o.   Kentucky: Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, et seq.

p.   Maine: Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. tit. 5, § 205-A, et seq.

q.   Maryland: Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, et seq.

16

r.      Massachusetts: Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.      Michigan: Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, et seq.

t.      Minnesota: Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, et seq. and the Unlawful Trade Practices Law, Minn. Stat. § 325D.09, et seq.

u.      Missouri: Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq.

v.      Nebraska: Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. and the Uniform Deceptive Trade Practices Act, § 87-302, et seq.

w.      Nevada: Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.      New Hampshire: Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, et seq.

y.      New Jersey: Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, et seq.

z.      New Mexico: Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, et seq.

aa.     New York: Defendant's practices were in and are in violation of New York's Gen. Bus. Law § 349, et seq.

bb.     North Carolina: Defendant's practices were and are in violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, et seq.

cc.     North Dakota: Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15- 01, et seq.

dd.     Ohio: Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, et seq. and Ohio's Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.01, et seq.

17

ee.     Oklahoma: Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, et seq., and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, et seq.

ff.     Oregon: Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, et seq.

gg.     Pennsylvania: Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201-1, et seq.

hh.     Rhode Island: Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, et seq.

ii.     South Carolina: Defendant's practices were and are in violation of South Carolina's Unfair Trade Practices Act, S.C. Code 1976, § 39-5-10, et seq.

jj.     South Dakota: Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, et seq.

kk.     Texas: Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, et seq.

ll.     Utah: Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, et seq., and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, et seq.

mm.     Vermont: Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, et seq.

nn.     Washington: Defendant's practices were and are in violation of Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, et seq.

oo.     West Virginia: Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, et seq.

pp.     Wisconsin: Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, et seq.

qq.     Wyoming: Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101, et seq.

92. Defendant engaged in unfair or deceptive acts or practices by wrongfully and deceitfully designing and marketing the Phab series of phones.

18

93. Defendant's deceptive practices against consumers caused consumers quantifiable harm and damages.

94. The misrepresentations by Defendant were material to Plaintiff and the members of the Classes. The reasonable consumer would expect the Phab series of phones to provide the benefits represented by Defendant.

95. Defendant made their untrue and/or misleading statements and representations willfully, wantonly and with reckless disregard for the truth.

96. Plaintiff and the Classes have been injured inasmuch as they paid a premium for the Phab series of phones and received less than what they bargained and paid for.

97. By Defendant's deceptive actions to consumers like Plaintiff and the Classes in sales of Defendant's Phab series of phones, Plaintiff and the Classes were harmed.

98. As a result of Defendant's recurring deceptive practices, Plaintiff and the members of the Classes are entitled to monetary, compensatory and punitive damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**Deceptive Practices in Violation of N.Y. General Business Law § 349**
**(On Behalf of Plaintiff and the New York Class)**

99. Plaintiff repeats, realleges, and incorporates by reference the substantive allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

100. Plaintiff brings this claim individually and on behalf of all New York Class members.

101. New York General Business Law § 349 makes unlawful "[d]eceptive acts or

practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." G.B.L. § 349-a

102. Defendant's sale of the Phab series of phones constitutes the "conduct of any business, trade or commerce" within the meaning of G.B.L. § 349-a.

103. Defendant's misrepresentation of the true nature of the Phab series of phones they wrongfully sold to Plaintiff and the New York Class constitute "[d]eceptive acts or practices" within the meaning of G.B.L. § 349-a.

104. Defendant reaps huge, ill-gotten monetary gains from this dishonest and deceptive sale to Plaintiff and the New York Class.

105. The misrepresentations by Defendant were material to Plaintiff and the New York Class. The reasonable consumer would expect the Phab series of phones to provide the benefits represented by Defendant.

106. Defendant made their untrue and/or misleading statements and representations willfully, wantonly and with reckless disregard for the truth.

107. Plaintiff and the New York Class have been injured inasmuch as they paid a premium for the Phab series of phones and received less than what they bargained and paid for.

108. By Defendant's deceptive actions to consumers like Plaintiff and the New York Class in sales of Defendant's Phab series of phones, Plaintiff and the New York Class were harmed.

109. As a result of Defendant's recurring deceptive practices, Plaintiff and the New York Class are entitled to monetary, compensatory and punitive damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**False Advertising in Violation of N.Y. General Business Law § 350**
**(On Behalf of Plaintiff and the New York Class)**

110. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111. New York Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce.…" False advertising includes "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in the light of … representations [made] with respect to the commodity.…" G.B.L. § 350-a.

112. Plaintiff and the New York Class are consumers as defined by G.B.L. § 350.

113. Defendant's sale of its Phab series of phones to Plaintiff and the New York Class as described herein constitute the "conduct of any business, trade or commerce" within the meaning of G.B.L. § 350.

114. Defendant's advertisement and marketing of its Phab series of phones to Plaintiffs and the New York Class as described herein constitute the "false advertising in the conduct of any business, trade or commerce" within the meaning of G.B.L. § 350.

115. In its normal course of business in its dealings with consumers, Defendant made statements and representations that were untrue or misleading, and which it knew (or which by the exercise of reasonable care should have known) to be untrue and misleading, to Plaintiff and the New York Class. Defendant made such statements and representations in New York through advertising, marketing and other publications.

116. Defendant has violated G.B.L. § 350 because the misrepresentations and

omissions regarding the safety and reliability of its Phab series of phones as set forth in this Complaint were material and likely to deceive a reasonable consumer.

117.     Defendant made their untrue and/or misleading statements and representations willfully, wantonly and with reckless disregard for the truth.

118.     The misrepresentations by Defendant were material to Plaintiff and members of the New York Class.   The reasonable consumer would expect the Phab series of phones to provide the benefits represented by Defendant.

119.     Plaintiff and the New York Class have suffered injury, including the loss of money or property, as a result of Defendant's false advertising.

120.     In purchasing the Phab series of phones, the Plaintiff and the New York Class reasonably relied on Defendant's advertising and depictions, and on the affirmative misrepresentations and/or omissions of Defendant with respect to sound quality of the phones and the presence of two speakers.

121.     Defendant's advertising and depictions, and its affirmative misrepresentations and/or omissions were untrue because the Phab series of phones only have one speaker.

122.     Plaintiff and the New York Class were similarly damaged by reliance on Defendant's advertising as described in this Complaint.

123.     Had the Plaintiff and the New York Class known the truth regarding Defendant's Phab series of phones, they would not have purchased their Phab series of phones and/or paid as much for them.

124.     Accordingly, the Plaintiff and the New York Class overpaid for their Phab series of phones and did not receive the benefit of the bargain for their Phab series of phones.

125.     As a result of Defendant's recurring deceptive practices, Plaintiff and the

members of the New York Class are entitled to monetary, compensatory and punitive damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### Common Law Fraud
### (On Behalf of the Nationwide Class)

126.    Plaintiff repeats, re-alleges, and incorporates by reference the substantive allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

127.    As set forth with more particularity above, Defendant made the false and deceptive representations and misrepresentations about the Phab series of phones with knowledge of their falsity or with reckless and wanton disregard for the truth.

128.    Defendant made the aforementioned misrepresentations with the intention of inducing consumers to buy the Phab series of phones. Defendant was aware that the Phab series of phones could not provide any of the represented benefits. Defendant made these representations anyway because they believed that consumers would rely on them for information about the Phab series of phones.

129.    Defendant knew that reasonable consumers would not investigate further the presence of two speakers when two speaker grills appeared on the depiction of the phone and Defendant advertised superior audio and visual quality.

130.    Plaintiff and the members of the Nationwide Class purchased the Phab series of phones based on their reliance on the depictions and representations made concerning the Phab series of phones. Plaintiff and the members of the Nationwide Class believed, based on their review of the information provided, that the Phab series of phones had two speakers.

131. Plaintiff and the Nationwide Class seek actual damages caused by Defendant's fraud, punitive damages, interest, costs and attorneys' fees in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class)**

132. Plaintiff repeats, re-alleges, and incorporates by reference the substantive allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

133. Defendant provided the Plaintiff and the Nationwide Class with an express warranty in the form of written depictions of the phones having two speakers, statements that the Phab series of phones had two speakers and affirmations about the superior audio and visual quality of the Phab series of phones.

134. The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

135. These affirmations of fact became part of the basis for the bargain and were material to the Plaintiff's and the Nationwide Class members' transactions.

136. Plaintiff and the Nationwide Class reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Phab series of phones.

137. Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiff, on behalf of himself and the Nationwide Class, as well as others, placed Defendant on notice of its breach, giving Defendant an opportunity to cure their breach, which it refused to do.

138. Defendant breached the express warranty because the Phab series of phones only

contained one speaker.

139. Defendants thereby breached the following state warranty laws:

a. Ala. Code § 7-2-313;

b. Alaska Stat. § 45.02.313;

c. Ariz. Rev. Stat. Ann.. § 47-2313;

d. Ark. Code Ann. § 4-2-313;

e. Cal. Comm. Code § 2313;

f. Colo. Rev. Stat. § 4-2-313;

g. Conn. Gen. Stat. § 42a-2-313;

h. Del. Comm. Code Ann. tit. 6, § 2-313;

i. D.C. Code Ann. § 28:2-313;

j. Fla. Stat. Ann. § 672.313;

k. Ga. Code Ann. § 11-2-313;

l. Haw. Rev. Stat. § 490:2-313;

m. Idaho Code § 28-2-313;

n. 810 Ill. Comp. Stat. Ann. 5/2-313;

o. Ind. Code § 26-1-2-313;

p. Iowa Code § 554.2313;

q. Kan. Stat. Ann. § 84-2-313;

r. Ky. Rev. Stat. § 355.2-313;

s. Me. Rev. Stat. Ann. tit. 11, § 2-313;

t. Md. Code Ann., Com. Law § 2-313;

u. Mass. Gen. Laws Ann. ch. 106, § 2-313;

v.      Mich. Comp. Laws § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      Mo. Rev. Stat. § 400.2-313;

z.      Mont. Code Ann. § 30-2-313;

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     N.H. Rev. Stat. Ann. § 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     Ohio Rev. Code Ann. § 1302.26;

jj.     Okla. Stat. tit. 12A, § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Cons. Stat. § 2313;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

rr.     Utah Code Ann. § 70A-2-313;

ss.     Vt. Stat. Ann. tit. 9A, § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313;

xx.     Wyo. Stat. Ann. § 34.1-2-313.

140.    As a direct and proximate result of Defendant's breach of express warranty,

Plaintiff and the Nationwide Class were damaged in the amount of the price they paid for the

Phab series of phones.

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(On Behalf of the Nationwide Class)**

141.    Plaintiff repeats, re-alleges, and incorporates by reference the substantive

allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth

herein.

142.    Plaintiff brings this claim individually and on behalf of the Nationwide Class.

143.    Defendant warranted to Plaintiff and the Nationwide Class that the Phab series of

phones has two speakers, and has superior audio and video quality for purposes of gaming,

videos and other augmented reality entertainment.

144.    Defendant breached the implied warranty of merchantability by selling a product

that does not have two speakers.

145.    Within a reasonable time after the Plaintiff discovered that the Device did not

comply with Defendant's representation, Plaintiff notified Defendant of such breach.

146.    The inability of the Phab series of phones to conform with Defendant's

representation was wholly due to Defendants' fault and without Plaintiff's or Nationwide Class

members' fault or neglect, and was solely due to the Defendant's manufacture and distribution of

the Phab series of phones to the public.

147.     As a direct and proximate result of Defendant's breach of the implied warranty,

Plaintiff and the Nationwide Class were damaged in the amount of the price they paid for the

Phab series of phones.

**EIGHTH CAUSE OF ACTION**
**Breach of Implied Warranty of Fitness for a Particular Purpose**
**(On Behalf of the Nationwide Class)**

148.     Plaintiff repeats, re-alleges, and incorporates by reference the substantive

allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth

herein.

149.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

150.     Plaintiff and the Nationwide Class bought the Phab series of phones with the

specific purpose of having phones with two speakers, with superior audio and video quality for

purposes of gaming, videos and other augmented reality entertainment.

151.     Plaintiffs and the other members of the Nationwide Class relied on Defendant in

selecting the product to fit their specific intended use.

152.     Defendant held themselves out as having particular knowledge of the Phab series

of phones quality.

153.     The reliance of Plaintiff and other members of the Nationwide Class on

Defendant was reasonable given Defendant's particular knowledge of the products it

manufactures and distributes, as well as Defendant's statements and representations in its

advertising concerning the Phab series of phones benefits and quality.

154.    Defendant breached their implied warranty in failing to have two speakers as part of the Phab Series of phones.

155.    As a direct and proximate result of Defendant's breach of the implied warranty, Plaintiff and the Nationwide Class were damaged in the amount of the price they paid for the Phab series of phones.

## NINTH CAUSE OF ACTION
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.
### (On Behalf of the Nationwide Class)

156.    Plaintiff repeats, re-alleges, and incorporates by reference the substantive allegations contained in each of the foregoing paragraphs of this Complaint as if fully set forth herein.

157.    Plaintiff brings this claim individually and on behalf of the Nationwide Class. Upon certification, the proposed classes will consist of more than 100 named Plaintiffs.

158.    The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

159.    The Phab series of phones are a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

160.    Plaintiff and the Nationwide Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

161.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

162.    Defendant represented in writing and through depictions that the Phab series of

29

phones had two speakers.

163.     These statements were made in connection with the sale of the Phab series of phones and relate to the nature of the Phab series of phones and affirm and promise that the Phab series of phone is as represented and defect free and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

164.     As alleged herein, Defendant has breached the written warranty by selling consumers a product in a manner that misleads them to believe that the Phab series of phones has two speakers.

165.     The Phab series of phones does not conform to the Defendant's written warranty and therefore violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. Consequently, Plaintiff and the Nationwide Class have suffered injury and are entitled to damages in an amount to be proven at trial.

**TENTH CAUSE OF ACTION**
**Unfair and Deceptive Practices in Violation of N.C. Gen. Stat. Ann. § 75-1.1**
**(On Behalf of Plaintiff and Nationwide Class)**

166.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

167.     North Carolina's Unfair and Deceptive Trade Practices Act makes unlawful "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." N.C.G.S.A. § 75-1.1(a). The statute defines "commerce" as including "all business activities" except professional services. N.C.G.S.A. § 75-1.1(b).

168.     Defendant's sale of the Phab series of phones constitutes "commerce" within the meaning of N.C.G.S.A. § 75-1.1(b).

169.     Defendant's deceptive misrepresentations of the Phab series of phones, including

false advertisement and marketing, constitute "unfair methods of competition" and "unfair or deceptive acts or practices" within the meaning of N.C.G.S.A § 75-1.1.

170.     In its normal course of business in its dealings with consumers, Defendant made statements and representations that possessed the tendency and capacity to mislead and created the likelihood of deception.

171.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Nationwide Class have suffered actual injury, including the loss of money or property.

172.     In purchasing the Phab series of phones, Plaintiff and the Nationwide Class reasonably relied on Defendant's advertising and depictions, and on the affirmative misrepresentations and/or omissions of Defendant with respect to the quality of sound of the phones.

173.     Defendant's advertising and depictions, and the affirmative misrepresentations and/or omissions were untrue, as the Phab series of phone have only one speaker.

174.     Plaintiff and the Nationwide Class were similarly damaged by reliance on Defendants' advertising as described in this Complaint.

175.     Had the Plaintiff and the Nationwide Class known the truth regarding Defendant's Phab series of cell phones, they would not have purchased their Phab series of phones and/or paid as much for them.

176.     Accordingly, the Plaintiff and the Nationwide Class overpaid for their Phab series of phones and did not receive the benefit of the bargain for their Phab series of phones.

177.     As a result of Defendant's recurring deceptive practices, Plaintiff and the

Nationwide Class members are entitled to monetary, compensatory and punitive damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs in accordance with N.C.G.S.A. § 75-1.1.

WHEREFORE, Plaintiff, on behalf of himself and the proposed classes, prays for judgment as follows:

(a)     Declaring this action to be a proper class action and certifying Plaintiff as the representative of the proposed classes under Rule 23 of the FRCP;

(b)     Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct their practices;

(c)     Awarding monetary, treble and punitive damages as well as any other damages permitted by N.Y. Gen. Bus. Law §§ 349 and 350, the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1.1, the sate deceptive practices acts, and state and federal common law;

(d)     Awarding Plaintiff and proposed class members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e)     Granting such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues to be determined by a jury.

Respectfully submitted,

*/s/ Daniel R. Francis*
Daniel R. Francis
drfrancis@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (336)333-9899
Facsimile: (336)333-9894
NC State Bar No. 44131

Brian L. Kinsley
blkinsley@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (336)333-9899
Facsimile: (336)333-9894
NC State Bar No. 38683

*Attorneys for Plaintiff*

G. Oliver Koppell
NY State Bar No. 1088046
okoppell@koppellaw.com
Daniel F. Schreck, Esq.
NY State Bar No. 4292959
dschreck@koppellaw.com
Law Offices of G. Oliver Koppell & Associates
99 Park Ave., Suite 1100
New York, New York 10016
Telephone: (212)867-3838
Facsimile: (212)681-0810

*Attorneys for Plaintiff by Special Appearance*