| | | |
|---|---|---|
| TAMER HASSAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| LENOVO (UNITED STATES), INC., | ) ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss. [DE 16]. The motion has been fully briefed and is ripe for disposition. A hearing was held before the undersigned on December 20, 2018 in Elizabeth City, North Carolina. [DE 35]. For the following reasons, defendant's motion to dismiss [DE 16] is GRANTED and plaintiff's complaint is DISMISSED.

## BACKGROUND

In March 2017, plaintiff, a New York resident, purchased a Phab 2 smartphone from defendant's website for $149.99. [DE 1, ¶¶ 12–15]. Upon receiving the phone, plaintiff realized that no sound was coming from what he believed to be one of the phone's two speakers. *Id.* ¶ 17. In fact, the phone contained only one speaker and what plaintiff believed to be a malfunctioning speaker was actually a microphone. *Id.* ¶¶ 60–62.

Plaintiff contacted defendant's customer service department, returned his Phab 2, and received a replacement about a week later. *Id.* ¶¶ 20–21. Again, he discovered that what he believed was the phone's second speaker, but was actually a microphone, was not working. *Id.* ¶ 23. Again, plaintiff contacted defendant's customer service department, and again he received a replacement phone. *Id.* ¶¶ 23–24. Plaintiff experienced the same problem with his second

replacement Phab 2. *Id.* ¶ 25. Upon contacting defendant once more in June 2017, plaintiff learned that the Phab 2 contains only one speaker. *Id.* ¶ 29.

In March 2018, plaintiff initiated this putative class action lawsuit. [DE 1]. Plaintiff alleges that defendant "designed, manufactured and marketed a product that gives the appearance that the Phab series of phones has two speakers," even though it only has one speaker. *Id.* ¶ 30. For support, plaintiff relies on defendant's advertisements, pictures of the phone, online comments made by purchasers of the phone, and the phone's user guide. *Id.* ¶¶ 32–61.

Plaintiff brings the following causes of action: (1) unjust enrichment; (2) violations of state consumer fraud and deceptive trade practices statutes; (3) deceptive practices in violation of New York General Business Law § 349; (4) false advertising in violation of New York General Business Law § 350; (5) common law fraud; (6) breach of express warranty; (7) breach of implied warranty of merchantability; (8) breach of implied warranty of fitness for a particular purpose; (9) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; and (10) violation of North Carolina General Statutes § 75-1.1. *Id.* ¶¶ 75–177.

In May 2018, defendant moved to dismiss all of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 12(b)(1) for lack of subject-matter jurisdiction. [DE 16]. After the motion had been fully briefed, a hearing was held before the undersigned on December 20, 2018 in Elizabeth City, North Carolina. [DE 35].

## DISCUSSION

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Further, the existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

**I. Plaintiff lacks standing to claim violations of other states' consumer-protection statutes, so his second and sixth causes of action must be dismissed.**

At the outset, the Court must resolve whether plaintiff has standing to state claims for violations of the fifty states' consumer-protection statutes, despite not being a resident of any of those states himself. Plaintiff attempts to bring these claims on behalf of putative class members.

The Fourth Circuit has not definitively resolved whether plaintiffs have standing to bring nationwide class actions for violations of individual state consumer-protection statutes and whether the issue may be reserved for the class certification stage. Regardless, to determine whether standing exists, courts must ask "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Plaintiff is a resident of New York and resided in New York at all times relevant to this litigation. He purchased his Phab 2 phone on the internet, received it in New York, and used it in New York. In his second and sixth causes of action, plaintiff attempts to state claims on behalf of a nationwide class of purchasers for violations of the consumer-protection statutes of all fifty states and the District of Columbia. But as a resident of New York, plaintiff only has standing to state claims for violations of New York's consumer-protection laws, and his second and sixth causes of action must be dismissed under Rule 12(b)(1) to the extent that he attempts to state claims for violations of other states' consumer-protection laws. *See Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 409 (D. Md. 2012) (dismissing a putative class action because the plaintiff did not have standing to sue under the consumer-protection statutes of any states other than Maryland). Plaintiff's argument that this issue is one that should be ~~punted~~ *PuT oVeR* to the class-certification stage is unavailing. Plaintiff cannot allege that he has suffered an injury under the consumer-protection statute of any state but New York, so he is not entitled to have this Court decide the merits of hypothetical violations of other states' consumer-protection laws. Thus, plaintiff's second and sixth causes of action must be dismissed.

## II. New York substantive law applies to all of plaintiff's claims.

Federal courts sitting in diversity must apply the substantive law of the states in which they sit, including those states' choice-of-law rules. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip.*

*Co., Inc.*, 386 F.3d 581, 599–600 (4th Cir. 2004). Accordingly, the Court must apply North Carolina's choice-of-law rules to determine which state's law governs each of plaintiff's claims.

Plaintiff attempts to have it both ways, arguing that some of his claims are governed by North Carolina law and others are governed by New York law. But the standards applicable to each of plaintiff's claims all point toward New York law. Plaintiff concedes that New York law is applicable to his third and fourth causes of action for violations of New York General Business Law §§ 349–50. [DE 23, p. 7]. He argues that North Carolina law should govern the remaining claims under the most-significant-relationship test. But it is New York, not North Carolina, that enjoys the most significant relationship to the litigation.

Plaintiff bought the Phab 2 phone online while residing in New York and received the phone in New York. He likely saw the advertisements that he relied upon in New York. He used the phone in New York. He continues to reside in New York, and it is New York that is most concerned with protecting him from the harms that he alleges defendant caused. This is not the first time that a federal court has determined that New York possesses the most significant relationship to litigation spawned by a New York resident who buys a product from a North Carolina company online. *See Guzman v. Diamond Candles, LLC*, 2016 WL 5679451, at *4 (M.D.N.C. Sept. 30, 2016). The fact that Lenovo's U.S. headquarters is in North Carolina is not enough to give North Carolina a more significant relationship with the underlying events that gave rise to the instant case. Thus, New York law will govern all of plaintiff's claims.

**III. Plaintiff's first and fifth causes of action must be dismissed for failure to comply with Rule 9(b).**

Plaintiff's first cause of action, unjust enrichment, sounds in fraud and must therefore comply with the requirements of Federal Rule of Civil Procedure 9(b). *See Bakery &*

5

*Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696 (4th Cir. 2018) (affirming district court ruling that an affirmative defense of unjust enrichment that "sounded in fraud" had to comply with Rule 9(b)). Here, plaintiff's unjust enrichment claim sounds in fraud because he states that the alleged enrichment resulted from "fraudulent acts." [DE 1, ¶ 77].

Rule 9(b) requires that plaintiff allege "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To meet this standard, [plaintiff] must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Even construing plaintiff's complaint generously, there are no specific allegations of fraud sufficient to satisfy Rule 9(b). Plaintiff's first cause of action must be dismissed.

Plaintiff's fifth cause of action for common-law fraud must also satisfy Rule 9(b). To state a claim for fraud under New York law, plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 1373 (1996). In the same way that plaintiff has failed to make specific allegations of fraud giving rise to defendant's alleged unjust enrichment, plaintiff has failed to make such allegations to support his cause of action for common-law fraud. His fifth cause of action must be dismissed.

**IV. Plaintiff's third, fourth, and tenth causes of action must be dismissed.**

6

Plaintiff's third cause of action is for deceptive practices in violation of New York General Business Law § 349, which declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a). To state a claim, plaintiff must allege (1) that defendant's "act or practice was consumer-oriented," (2) that the act or practice "was misleading in a material way," and (3) that plaintiff "suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000). Section 349 claims are only actionable for acts or practices "likely to mislead a reasonable consumer acting under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995). Plaintiff's fourth cause of action for violation of New York General Business Law § 350 relates specifically to deceptive advertising but otherwise requires him to satisfy the same requirements as his Section 349 claim.

Fundamentally, plaintiff alleges that defendant materially deceived him as to the number of speakers in the Phab 2 phone. But, even viewing the complaint in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, none of defendant's representations to plaintiff were false or misleading. Plaintiff does not allege that, at any point prior to his purchase of the Phab 2, defendant represented to him that the phone contained two speakers. Rather, plaintiff argues that the two "grills" on the phone, one being the speaker and the other being a microphone, "indicat[ed] the presence of two speakers." [DE 23, p. 11]. Plaintiff relies on defendant's advertisements, which contained "representations about the superior audio and video capabilities" of the Phab 2, to argue that defendant's conduct was false and misleading. *Id.* But there is nothing factually false or misleading about those claims; commercial puffery, "vague statements of a product's superiority," is not actionable under New York law. *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *16 (S.D.N.Y. Aug. 12, 2016) (quoting *Elkind v. Revlon Consumer*

7

*Prod. Corp.*, 2015 WL 2344134, at \*1 (E.D.N.Y. May 14, 2015)). Accurate pictures of the phone with the two "grills" cannot be materially misleading, whether those grills are indicative of two speakers (as plaintiff believed) or one speaker and one microphone. And plaintiff did not receive the allegedly misleading user guide until after he'd already purchased the phone. In short, plaintiff cannot state claims under either Section 349 or Section 350 because he cannot establish that defendant's acts or practices were materially misleading. They simply manufactured, marketed, and sold a phone that contained only one speaker and plaintiff bought it under the mistaken belief that it had two speakers. Plaintiff's third and fourth causes of action must be dismissed.

For substantially the same reasons that his third and fourth causes of action must be dismissed, plaintiff's tenth cause of actions must be, too. Plaintiff alleges that defendant's marketing and advertising of the Phab 2 violated North Carolina's Unfair and Deceptive Trade Practices Act. Again, to state such a claim, plaintiff must allege that defendant did something that was unfair or deceptive, and he has not done so. Plaintiff's tenth cause of action must be dismissed.

## V. Plaintiff's sixth, seventh, eighth, and ninth causes of action must be dismissed.

All of plaintiff's warranty claims, whether express or implied, must also be dismissed. Plaintiff's sixth cause of action for breach of express warranty requires him to establish "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 410 (S.D.N.Y. 2015). Plaintiff must further establish "that the warranty was relied on." *CBS, Inc. v. Ziff-Davis Pub. Co.*, 553 N.E.2d 997, 1003–04 (N.Y. 1990). But plaintiff has not alleged sufficient facts to establish that he relied upon an express warranty from defendant that the Phab 2 had two speakers; instead, he continues to rely on defendant's advertisements and accurate pictures of the phone with its two

grills. Even drawing reasonable inferences in plaintiff's favor, he has not alleged that he relied on an express warranty that defendant breached. Thus, plaintiff's sixth cause of action for breach of express warranty must be dismissed.

Plaintiff's seventh cause of action for breach of the implied warranty of merchantability must also be dismissed. The implied warranty of merchantability is simply a seller's guarantee that a particular product is fit for its ordinary purpose. A seller does not breach the implied warranty if a product is not fit for each of a consumer's particular expectations, provided it meets some minimum level of quality. Here, defendant has not breached the implied warranty by selling plaintiff a phone with just one speaker. Other courts have rejected claims for breach of the implied warranty on more serious allegations involving smartphones. *See, e.g.*, *In re Google Phone Litig.*, 2012 WL 3155571, at *5–6 (N.D. Cal. Aug. 2, 2012) (rejecting claim even though phone dropped or missed calls); *Semeran v. Blackberry Corp.*, 2016 WL 3647966, at *4–5 (D.N.J. July 6, 2016) (rejecting claim even though plaintiff could not sync Blackberry contacts with other electronic devices); *Rothbaum v. Samsung Telecommunications Am. LLC*, 52 F. Supp. 3d 185, 204 (D. Mass. 2014) (rejecting claim even though phone shut down randomly). Defendant's Phab 2 was fit for its ordinary purpose even without two speakers. Plaintiff's seventh cause of action must be dismissed.

Plaintiff's eighth cause of action for breach of the implied warranty of fitness for a particular purpose must be dismissed. The warranty comes into play "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." N.Y. U.C.C. Law § 2-315. While plaintiff alleges that he and others purchased the phone "with the specific purpose of having phones with two speakers" and reasonably relied on defendant "in

selecting the product to fit their specific intended use," plaintiff alleges no facts that indicate defendant knew or had reason to know about his particular purpose. [DE 1, ¶¶ 150–53]. Unless defendant knew or had reason to know of plaintiff's particular purpose, the claim must be dismissed. *See Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 558 (S.D.N.Y. 2016) (dismissing implied warranty claims because plaintiff had failed to allege that defendant knew of any particular purpose). Even drawing reasonable inferences in plaintiff's favor, there are no allegations that defendant knew or had reason to know of plaintiff's particular purpose beyond the ordinary purposes of using the phone for gaming, videos, music, and so on. Plaintiff's eighth cause of action for breach of the implied warranty of fitness for a particular purpose must be dismissed.

Plaintiff's ninth cause of action for violation of the Magnuson-Moss Warranty Act must also be dismissed because the basis for a breach of the statute lies in state law. Magnuson-Moss provides that "a consumer who is damaged by the failure of a supplier or warrantor . . . to comply with any obligations under [the Act], or under a written warranty [or] implied warranty . . . may bring suit for damages" in federal court. 15 U.S.C. § 2310(d)(1). Here, because plaintiff's breach of express and implied warranty claims all fail as a matter of state law, there is no underlying breach of warranty on which plaintiff can base his federal Magnuson-Moss claim. *See Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006). Thus, plaintiff's ninth cause of action must be dismissed.

## VI. Plaintiff's claims for injunctive relief must be dismissed.

Plaintiff also seeks to certify a class under Rule 23(b)(2) to obtain injunctive relief from defendant's alleged ongoing violations. Federal courts may dismiss class allegations if "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *General Telephone Co. of Southwest v.*

*Falcon*, 457 U.S. 147, 160 (1982). Here, it is plain that plaintiff lacks standing to seek injunctive relief, so his Rule 23(b)(2) class allegations and prayer for injunctive relief must be dismissed.

To obtain injunctive relief, a plaintiff must allege more than "past exposure to illegal conduct," and more than the fact that "the challenged conduct is repeatable in the future" or "the purportedly illegal practice is commonly used." *Lebron v. Rumsfeld*, 670 F.3d 540, 561 (4th Cir. 2012). Here, plaintiff faces no threat of future injury because he does not allege that he intends to buy another Phab 2. And even if he had alleged facts along those lines, plaintiff now knows that the Phab 2 contains only one speaker, so he could not complain that he was deceived or materially mislead by defendant's marketing, as he does now. Plaintiff has not alleged sufficient facts to demonstrate an imminent or actual threat of future harm and, therefore, lacks standing to pursue injunctive relief either on his own behalf or on behalf of a class of purchasers under Rule 23(b)(2).

For all of the above reasons, plaintiff has failed to state any claim upon which relief can be granted. Even viewing the complaint in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, each of plaintiff's ten causes of action fails as a matter of law. Accordingly, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 16] is GRANTED. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this **6** day of January, 2019.

*Terrence W. Boyle*

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

11